UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERNETTA TURNER-JONES<br>4446 E Street S.E. #2<br>Washington, D.C. 20019,<br><br>    Plaintiff,<br><br>v.<br><br>BENNING HEIGHTS COOPERATIVE<br>4430 E Street SE<br>Washington, D.C. 20019,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:07-cv-01024 (RJL) |

## ANSWER

Comes now the Defendant, Benning Heights Cooperative, by and through its undersigned counsel, and for its Answer to the Complaint, states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

#### Nature of the Action

1.  The allegations of paragraph 1 of the Complaint are denied.

2.  The allegations of paragraph 2 of the Complaint are admitted.

#### Parties

1.  The allegations of paragraph 1 of the Complaint are admitted.

2.  The allegations of paragraph 2 of the Complaint are admitted.

3.  The allegations of paragraph 3 of the Complaint are admitted.

Factual Background

A.   Benning Heights Cooperative Apartment Complex.

4.   The Defendant admits the allegations regarding the Plaintiff's residence; however, the Plaintiff has resided at 515 46th Street, S.E., #2 since January 2008.

5.   The allegations of paragraph 5 are admitted generally.

6.   Regarding the allegations of paragraph 6 of the Complaint, Defendant admits that, before the Plaintiff moved to a larger unit, there was a parking lot with ten marked parking spots next to the building where her unit was located.

7.   The allegations of paragraph 7 are admitted.

8.   The allegations of paragraph 8 are admitted.

9.   Regarding the allegations of paragraph 9 of the Complaint, Defendant denies that it does not issue parking stickers; Defendant admits that non-residents do park in resident lots.

B.   Ms. Turner-Jones' Difficulties in Accessing Her Home.

10.   The Defendant denies that the Plaintiff is a "handicapped person" as defined under the Fair Housing Act. The remaining allegations of paragraph 10 are denied for lack of knowledge.

11.   The allegations of paragraph 11 are denied for lack of knowledge.

12.   The allegations of paragraph 12 are denied for lack of knowledge.

13.   The Defendant denies that the Plaintiff was "forced" to park in any particular place; the remaining allegations of paragraph 13 are denied for lack of knowledge.

    C.    <u>Ms. Turner-Jones' Efforts to Obtain Accommodation and Benning Heights Cooperative's Retaliation.</u>

14. The allegations of paragraph 14 are denied for lack of knowledge.

15. The allegations of paragraph 15 are denied for lack of knowledge.

16. The allegations of paragraph 16 are denied for lack of knowledge.

17. The allegations of paragraph 17 are denied for lack of knowledge.

18. The allegations of paragraph 18 are denied for lack of knowledge.

19. The allegations of paragraph 19 are denied as phrased; the Defendant admits that on one occasion, the Plaintiff confronted Ms. Batts about a parking space.

20. The Defendant denies the allegations that Ms. Batts told the Plaintiff that she intended to threaten the Plaintiff. Moreover, the allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are admitted.

22. The Defendant admits that it requested documentation of the Plaintiff's alleged disability; Defendant is without knowledge about whether Plaintiff delivered a letter from her doctor to Defendant's counsel.

23. The Defendant admits that the Plaintiff called the offices of the Defendant and asked to speak to Mr. Bogans, and that Ms. Batts informed the Plaintiff that Mr. Bogans was not present. The remaining allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied for lack of knowledge.

25. The allegations of paragraph 25 are admitted.

26. The allegations of paragraph 26 are admitted.

27. Although the Defendant is uncertain of the precise date of the facts alleged in paragraph 27, the allegations are admitted generally.

28. The allegations of paragraph 28 are admitted upon information and belief.

29. Regarding the allegations of paragraph 29, the Defendant admits that the Plaintiff confronted Mr. Proctor and assaulted him; to the extent the allegations of paragraph 29 are inconsistent with the preceding, they are denied.

30. The allegations of paragraph 30 are denied for lack of knowledge.

31. The allegations of paragraph 31 are denied for lack of knowledge.

32. The Defendant admits that Ms. Baynes submitted an application to live at Benning Heights Cooperative; the Defendant denies for lack of knowledge allegations concerning Plaintiff's understanding. The Defendant admits that a number of apartments became available since Ms. Baynes submitted her application. The remaining allegations of paragraph 32, to the extent they are inconsistent with the preceding, are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

D. <u>Effect of Benning Heights Cooperative's Resistance to Providing A Reasonable Accommodation and Retaliation Against Ms. Turner-Jones</u>.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

E. <u>Failure of the Board of Benning Heights Cooperative to Effectively Address the Retaliation Against Ms. Turner-Jones</u>.

38. The allegations of paragraph 38 are denied for lack of knowledge; however, all requests for meetings with the Board are to be made in writing.

39. The Defendant denies for lack of knowledge the allegation that the Plaintiff hand-delivered a written request for a meeting to Mr. Bogans. The Defendant

denies upon information and belief the allegations that Plaintiff's counsel faxed a copy of the request to the Defendant; the remaining allegation of paragraph 39 is admitted.

40. Regarding the events described in the Complaint, to the extent consistent with this Answer, the employees of Benning Heights Cooperative were acting within the scope of their employment; the defendant denies subsections (a) and (b) of paragraph 40.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

## FIRST CAUSE OF ACTION
(FAIR HOUSING ACT, 42 U.S.C. §3604(f)(3)(B))

43. The Defendant incorporates by reference each of the preceding paragraphs in response to paragraph 43.

44. The allegations of paragraph 44 are denied.

## SECOND CAUSE OF ACTION
(FAIR HOUSING ACT, 42 U.S.C. §3617)

45. The Defendant incorporates by reference each of the preceding paragraphs in response to paragraph 45.

46. The allegations of paragraph 46 are denied.

## THIRD CAUSE OF ACTION
(D.C. HUMAN RIGHTS ACT, D.C. CODE §2-1401.01, et seq.)

47. The Defendant incorporates by reference the preceding paragraphs in response to paragraph 47.

48. The allegations of paragraph 48 are denied.

## FOURTH CAUSE OF ACTION
### (D.C. HUMAN RIGHTS ACT, D.C. CODE §2-1401.01, et seq.)

49. Defendant incorporates by reference each of the preceding paragraphs in response to paragraph 49.

50. The allegations of paragraph 50 are denied.

### THIRD DEFENSE

All or part of the Plaintiff's claims are barred by the applicable limitations periods.

### FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

### FIFTH DEFENSE

The Defendant reserves the right to defend on the basis that the claim is barred by the doctrines of waiver and estoppel.

### SIXTH DEFENSE

The Defendant reserves the right to defend on the basis that the Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SEVENTH DEFENSE

There is not a "case or controversy" that merits this Court's jurisdiction under the Declaratory Judgment Act.

### EIGHTH DEFENSE

The Plaintiff has failed to exhaust available administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant prays for an Order granting the following relief:

1. Dismissal of the Complaint.

2. An award of attorneys' fees and costs.

3. Any and all other relief to which the Defendant may be entitled.

Respectfully submitted,

/s/ Jeffrey C. Seaman
Jeffrey C. Seaman, Esquire (#466509)
Whiteford, Taylor & Preston, LLP
1025 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036-5405
(202) 659-6800
(202) 331-0573 (facsimile)

Attorneys for Defendant Benning
 Heights Cooperative

*221316*